IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 12-60638
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2014

Lyle W. Cayce
Clerk

DRESSER-RAND COMPANY,

Petitioner Cross-Respondent

v.

NATIONAL LABOR RELATIONS BOARD,

Respondent Cross-Petitioner

_____

Petition for Review and Cross-Application for Enforcement
of an Order of the National Labor Relations Board
NLRB No. 03-CA-26543
NLRB No. 03-CA-26595
NLRB No. 03-CA-26711
NLRB No. 03-CV-26943

_____

Before SMITH, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

In this case, we are asked to review the National Labor Relations Board's

(the "Board") order finding that Petitioner Cross-Respondent Dresser-Rand

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 12-60638

Company ("Dresser-Rand") committed numerous unfair labor practices, in violation of the National Labor Relations Act, by locking out its employees in the wake of a strike.

On appeal, Dresser-Rand argues that the Board's decision is invalid because, at the time it issued this ruling, it lacked a quorum. Specifically, Dresser-Rand contends three of the five Board members were not properly appointed by the President.

In May 2013, the appeal was placed in abeyance pending a decision from the U.S. Supreme Court in *NLRB v. Noel Canning*, 134 S. Ct. 2550 (2014). In June 2014, the Supreme Court issued its decision in *Noel Canning* and agreed with Dresser-Rand that the President's recess appointments to the Board were unconstitutional. *Id.* at 2578.

Dresser-Rand moves to lift the abeyance in light of the Supreme Court's decision. That motion is GRANTED.

The Board also filed a motion asking this Court to grant Dresser-Rand's petition, vacate the unconstitutionally constituted Board's decision, and to remand this case to the Board for further proceedings. The Board also asks that the mandate issue expeditiously. Dresser-Rand opposes remand arguing all of the issues are fully briefed and ripe for review, and remand will add unnecessary delay.

The Board's request is consistent with our practice when the Board has previously acted without lawful authority to render a decision. For example, in *Bentonite Performance Mineral LLC v. NLRB*, while the appeal was pending, the Supreme Court decided that the then two-member Board lacked authority adjudicate cases. 382 F. App'x 402, 403 (5th Cir. 2010) (per curiam) (citing *New Process Steel, L.P. v. NLRB*, 560 U.S. 674 (2010)). We vacated the Board's order and remanded for further proceedings. *Id.* Moreover, nearly

2

No. 12-60638

every circuit has vacated and remanded the Board's decisions during the applicable time period in light of the Supreme Court's decision in *Noel Canning*.[1]  We see no reason to depart from that practice in this case.

Therefore, the Board's motion is GRANTED.  Dresser-Rand's petition for review is GRANTED, the order of the Board is VACATED, and the case is REMANDED to the Board for further proceedings consistent with this opinion. Further, the Clerk of the Court is directed to issue the mandate expeditiously.

IT IS SO ORDERED.

---

[1] *NLRB v. Salem Hosp.*, No. 12-3632 (3d Cir. July 3, 2014) (same); *NLRB v. Dover Hospitality Servs., Inc.*, No. 13-2307 (2d Cir. July 2, 2014) (vacating and remanding); *DirecTV Holdings, LLC v. NLRB*, Nos. 12-72526, 12 72639 (9th Cir. July 2, 2014) (same); *Int'l Union of Operating Eng'rs, Local 627 v. NLRB*, Nos. 13-9547, 13-9564 (10th Cir. July 2, 2014) (same); *Relco Locomotives, Inc. v. NLRB*, No. 13-2722 (8th Cir. July 1, 2014) (same).